IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMEIA SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-480-SLP |
| | ) |
| TRANSPORTATION SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss with Brief in Support [Doc. No. 6]. Plaintiff, appearing pro se, has failed to timely respond to the Motion. Therefore, pursuant to LCvR 7.1(g), in the Court's discretion, the Motion is deemed confessed.

Moreover, upon review of Defendant's Motion, the Court agrees that dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is proper. Plaintiff seeks monetary relief against Defendant Transportation Security Administration for expenses associated with a missed flight, including a limo, missed contracts, etc. *See* Doc. No. 1-1. Plaintiff's claims arise under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The only proper party defendant in an FTCA suit is the United States. *See* 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679(a); *see also Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001). The requirement that an FTCA action be brought against the United States rather than a federal agency is jurisdictional. *See Ngiendo v. Social Sec. Admin.*, 547 F. App'x

913, 914 (10th Cir. 2013) (failure to name United States as a defendant in suit under the FTCA resulted in a "fatal lack of jurisdiction").

Additionally, to establish a court's subject matter jurisdiction over an FTCA claim, a plaintiff must (1) plausibly allege all jurisdictional elements of an actionable FTCA claim and (2) exhaust the administrative remedies required by the FTCA. *See Brownback v. King*, -- U.S. --, 141 S.Ct. 740, 749 (2021) ("[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional."); *see also* 28 U.S.C. § 2675(a) (exhaustion requirement); *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (The FTCA's "exhaustion requirement is jurisdictional and cannot be waived."). Here, Plaintiff fails to plausibly allege all six FTCA elements.[1] Similarly, Plaintiff fails to demonstrate she has exhausted administrative remedies. Accordingly, Defendant's Motion to Dismiss for lack of jurisdiction is GRANTED and Plaintiff's Complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

IT IS SO ORDERED this 25th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] These six elements require that the action be: "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).